IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LAWRENCE JACK<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY | CIVIL ACTION<br><br>NO. 16-5771 |
| --- | --- |

## MEMORANDUM RE: MOTION TO DISMISS

### I.      Introduction

This case involves a dispute over a failure to negotiate an extension of Defendant State Farm Fire and Casualty Company's ("State Farm") one-year suit limitation policy. Plaintiff Lawrence Jack filed a complaint against State Farm, his insurance carrier, which consists of two claims: (1) breach of contract, and (2) bad faith under 42 Pa.C.S. Section 8371. Before the Court now is State Farm's Motion to Dismiss Plaintiff's bad faith claim under Federal Rule of Civil Procedure 12(b)(6).  For the reasons explained below, State Farm's Motion is granted without prejudice.

### II.      Factual and Procedural History

Taking Plaintiff's allegations as true, the factual background is as follows.  Plaintiff held a homeowner's insurance policy (the "Policy") with State Farm that included a provision stating that any lawsuit by an insured must be filed within one year of the date of loss.  ECF No. 1, Notice of Removal, Ex. A (Complaint) ¶ 5.  On March 6, 2015, Plaintiff suffered a covered loss under the Policy, and he made a timely claim for loss to his building and personal property as well as for living expenses.  Id. ¶ 4.  State Farm paid Plaintiff the limits of liability for the building claim and an additional sum for his personal property.  Id. ¶¶ 6-7.  On July 23, 2015, State Farm sent a letter to Plaintiff which notified Plaintiff that he would be able to receive

further benefits for the loss to the building upon Plaintiff's completion of repairs and replacements of the damaged property.  Id. ¶ 8.  It further stated that Plaintiff could recover withheld depreciation of his personal property upon Plaintiff's replacement of that property.  Id. ¶ 9.  On October 5, 2015, State Farm issued another letter, stating that the building loss benefits described in the July 23, 2015 letter would be available until March 6, 2017 and the personal property benefits offered would be available until March 31, 2016.  Id. ¶ 10.

Cognizant of the Policy's one-year suit limitation clause, which would bar Plaintiff from filing suit against State Farm in regard to the covered loss after March 6, 2016, Plaintiff consulted with a public adjuster.  Id. ¶ 11.  The adjuster notified State Farm that the necessary repairs might not be done before March 6, 2016, and asked for a six-month extension of the provision to ensure that Plaintiff would not lose his right to sue if the repairs were not completed before the suit period expired.  Id. ¶¶ 11, 13.  State Farm refused to extend the one-year suit provision and, as a result, Plaintiff initiated this action by filing a praecipe for writ of summons on March 2, 2016.  Id. ¶¶ 13-15.  On September 13, 2016, State Farm filed a praecipe for a rule to file a complaint, prompting Plaintiff's request that State Farm withdraw it and enter into a tolling agreement stating that Plaintiff would not waive his right to sue if the repairs were not completed by March 6, 2016.  Id. ¶¶ 17-19.  State Farm's counsel responded that Plaintiff would have to release any bad faith claim against State Farm in order for State Farm to consider entering into a tolling agreement.  Id. ¶ 20.  However, when Plaintiff's counsel offered to waive any claims of past bad faith in exchange for a tolling agreement which would give Plaintiff an additional year to complete any necessary repairs, State Farm sent a status letter reiterating the one-year suit limitation provision and not responding to Plaintiff's offer.  Id. ¶ 22.

Soon after, Plaintiff filed a complaint consisting of two claims: (1) breach of contract, and (2) bad faith under 42 Pa.C.S. Section 8371.  Id. ¶ 23.  The complaint was filed in Lancaster County Court of Common Pleas and later removed to this Court.  On November 14, 2016, State Farm filed a Motion to Dismiss the bad faith claim under Rule 12(b)(6), alleging that Plaintiff had failed to state a claim upon which relief can be granted (ECF No. 3).  Plaintiff responded on December 1, 2016 (ECF No. 5) and State Farm filed a reply on December 7, 2016 (ECF No. 7).

### III.    Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff. Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Pleadings must include at least some factual allegations to support the legal claims asserted." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Iqbal, 556 U.S. at 678).

### IV.    Discussion

At issue is whether Plaintiff has stated a claim under 42 Pa.C.S. Section 8371, which allows plaintiffs to recover interest, punitive damages, court costs, and attorneys' fees for bad faith conduct by insurers in denying benefits or handling claims.  See Terletsky v. Prudential & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994).  The term "bad faith" concerns "any frivolous or unfounded refusal to pay proceeds of policy."  Toy v. Metro. Life Ins. Co., 928 A.2d

3

186, 199 (Pa. 2007) (quoting Black's Law Dictionary 139 (6th ed. 1990)).  "[M]ere negligence or bad judgment does not constitute bad faith; knowledge or reckless disregard of a lack of a basis for denial of coverage is necessary [and] [e]ven questionable conduct giving the appearance of bad faith is not sufficient to establish it so long as the insurer had a reasonable basis to deny coverage."  Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 523 (3d Cir. 2012).  To state a claim for bad faith, a plaintiff must allege sufficient facts to establish that (1) the insurer lacked a reasonable basis for denying the benefits under the policy and (2) the insurer knew or recklessly disregarded its lack of reasonable basis.  Id. at 522 (citing Condio v. Erie Ins. Exch., 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006)).

The Eastern District of Pennsylvania recently decided a motion to dismiss a bad faith claim, and its decision is instructive here.  In Davis v. Nationwide Mutual Insurance Company, No. 16-3878, 2017 WL 85388 (E.D. Pa. Jan. 10, 2017), the plaintiff alleged that Nationwide had breached its contract with him and acted in bad faith by refusing to pay benefits due under his automobile insurance policy after he suffered serious injuries in a car accident.  Id. at *1.  The court held that, regardless of whether Nationwide failed to pay the plaintiff entirely or made an offer of $7,500 as Nationwide contended, the plaintiff had alleged enough facts for his bad faith claim to survive, due to the extent of his injuries and the amount of coverage he had.   Id. at *3.  The court concluded that, "[a]ssuming the truth of these allegations, an unreasonably low offer, or no offer, could be bad faith on the part of Nationwide."  Id.

Conversely, this Court has recently held that a number of complaints were insufficient to overcome a Rule 12(b)(6) motion.  See Zinno v. Geico, No. 16-792, 2016 WL 5100540 (E.D. Pa. Sept. 19, 2016); Mills v. Allstate Ins. Co., No.  15-4824, 2015 WL 5707303 (E.D. Pa. Sept. 29,

2015); Allen v. State Farm Mut. Auto. Ins. Co., No. 14-7367, 2015 WL 1072968 (E.D. Pa. Mar. 12, 2015); Eley v. State Farm Ins. Co., No. 10-5564, 2011 WL 294031 (E.D. Pa. Jan. 31, 2011).

Most recently, in Zinno, this Court considered a complaint in which the plaintiff alleged that his insurer had unreasonably declined to offer him underinsured motorist coverage benefits. Zinno, 2016 WL 5100540, at *1. The plaintiff's claims could be distilled to the following:

> "Defendant has failed to evaluate Plaintiff's claim, Defendant has failed to make a reasonable settlement offer, Defendant is prioritizing its own interests over Plaintiff's interests, and Defendant is forcing Plaintiff to litigate to enforce his rights." Id. at *2.

Because those statements were entirely conclusory and lacking in factual support, this Court dismissed the bad faith claim. Id.

Similarly, this Court considered in Mills a complaint alleging bad faith under Section 8371 and found that its "bare-bones allegations" were not sufficient to survive dismissal. Mills, 2015 WL 5707303, at *3. The plaintiff had asserted a number of actions taken by his insurer that simply amounted to a showing that the plaintiff held a policy with the insurer, the plaintiff had suffered injury as a result of smoke and soot damage, the plaintiff had complied with the policy's terms, and the insurer declined to settle the plaintiff's claim. Id. at *3. The plaintiff's failure to proffer any facts showing how those actions constituted bad faith was fatal to his claim.

Just as in Zinno and Mills, Plaintiff has not pled sufficient facts to make out a bad faith claim. Taking his well-pleaded facts as true, we can merely conclude that:

> (1) Plaintiff held a homeowner's insurance policy with State Farm;
>
> (2) Plaintiff suffered a covered loss under the Policy, for which State Farm paid him certain benefits; and
>
> (3) Plaintiff sought an extension of the one-year suit limitation clause but State Farm refused to provide one. Cmplt. ¶¶ 4-7, 11, 13.

We have no basis to conclude that State Farm's decision not to extend Plaintiff's time for filing suit was made in bad faith because Plaintiff has proffered no facts showing that decision was made without "reasonable basis."  That stands in contrast to the complaint in <u>Davis</u>, where the plaintiff described with specificity the injuries he had suffered and his insurer's unwillingness to pay any benefits in connection with the covered accident.  <u>Davis</u>, 2017 WL 85388, at *3.  Plaintiff has not described with specificity the facts supporting his allegations, as required by the heightened pleading standard set forth in <u>Iqbal</u> and <u>Fowler</u>.

Lastly, we recognize Plaintiff's argument in his responsive brief that State Farm's violation of a regulation of the Unfair Insurance Practices Act is evidence of State Farm's bad faith.  Pl.'s Opp'n, at 4; <u>see</u> 31 Pa.C.S. § 146.4(e); <u>O'Donnell ex rel. Mitro v. Allstate Ins. Co.</u>, 734 A.2d 901, 906 (Pa. Super. Ct. 1999) (noting that "conduct which constitutes a violation of the [Unfair Insurance Practices Act] may also be considered when determining whether an insurer acted in bad faith under [Section 8371]").  The regulation Plaintiff cites forbids insurers from "request[ing] a first-party claimant to sign a release that extends beyond the subject matter that gave rise to the claim payment," where it is shown that the insurer makes such requests "with a frequency that indicates a general business practice."  31 Pa.C.S. §§ 146.1, 146.4(e). Plaintiff argues that State Farm ran afoul of that regulation by conditioning its agreement to extend Plaintiff's one-year suit filing provision on Plaintiff's release of any bad faith claim.  Pl.'s Opp'n at 4.  But, Plaintiff alleges no facts showing that State Farm had a regular practice of forcing insureds to release claims in this way; therefore, we cannot consider State Farm's potential violation of the regulation as a factor swaying against dismissal.

**V.      Conclusion**

For the reasons discussed above, State Farm's Motion to Dismiss as to Count 2 of Plaintiff's complaint, bad faith under Section 8371, is granted without prejudice.   An appropriate order follows.

O:\Cecily.2016\Jack v. State Farm (16-5771)\Memo re MTD v2.docx

7